

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH L. CIOCIOLA,

                            Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.

---

Case No. 12-CV-7626 (KMK)(PED)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

    On October 12, 2012, Plaintiff Joseph Louis Ciociola ("Plaintiff") filed this Action, pursuant to 42 U.S.C. § 405(g), challenging the decision of the Commissioner of Social Security ("Defendant") to deny his application for benefits on the ground that he is not disabled within the meaning of the Social Security Act.

    On June 5, 2013, the Court referred the case to Magistrate Judge Paul E. Davison. (Dkt. No. 6.) On February 20, 2014, Plaintiff filed a Motion for Judgment on the Pleadings. (Dkt. No. 16.) On February 25, 2014, Defendant filed a Motion for Judgment on the Pleadings, (Dkt. No. 19), as well as a Memorandum of Law in Opposition to Plaintiff's Motion, (Dkt. No. 20).

    On February 23, 2015, Judge Davison issued a Report and Recommendation ("R&R"), finding that the Administrative Law Judge's ("ALJ") "Residual Functional Capacity" determination was not supported by substantial evidence because it was based in part on "distorted interpretations" of the reports of a doctor who evaluated Plaintiff's knees. (R&R 30 (Dkt. No. 21).) For this reason, Judge Davison recommended that the Court grant Plaintiff's Motion, deny Defendant's Motion, and remand the case for further administrative proceedings.

(*Id.* 32.)[1] Judge Davidson informed the Parties that they had fourteen days from service of the R&R to file objections, and noted that failure to file timely objections would preclude later appellate review. (*Id.* at 33.) *See also* Fed. R. Civ. P. 71(b). As of the date of this Order, no objections have been filed.

When no objections are filed, the Court reviews an R&R only for clear error. *See Rhodes v. Davis*, No. 08-CV-9681, 2015 WL 1413413, at *2 (S.D.N.Y. Mar. 23, 2015) ("When no party files objections to a [r]eport, the [c]ourt may adopt the [r]eport if there is no clear error on the face of the record" (internal quotation marks omitted)); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (same). "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Mateo v. Bristow*, No.12-CV-5052, 2015 WL 925933, at *2 (S.D.N.Y. Mar. 4, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

---

[1] In a footnote, Judge Davison also noted two other evidentiary errors that the ALJ made in assessing the credibility of Plaintiff's symptoms and their effects that Plaintiff did not cite as grounds for remand, namely that the ALJ incorrectly found that (a) Plaintiff said he was retired from all work, and (b) Plaintiff was never prescribed prescription medication for his symptoms. (*See* R&R 32 n.22). The Court agrees with Judge Davison that, on remand, "the ALJ's credibility assessment must be based upon fair consideration and accurate recitation of the record evidence." (*Id.*)

2

The Court has reviewed Judge Davidson's R&R and has found no clear error. Accordingly, the Court adopts the R&R in its entirely. Plaintiff's Motion is granted, Defendant's Motion is denied, and the case is remanded for further administrative proceedings consistent with this Opinion. The Clerk of the Court is respectfully requested to terminate the pending motions (Dkt. Nos. 16, 19), and to close the case.

SO ORDERED.

Dated:   September 30, 2015
         White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    UNITED STATES DISTRICT JUDGE